O

cc: order, docket, remand order
to Los Angeles Superior Court No. BC 493494    JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWOOD B. SIDES, III, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY, INC.; a Delaware corporation; MEDCO HEALTH SERVICES, INC., a Delaware corporation,<br><br>        Defendants.<br>_____ | Case No. CV 12-08900 DDP (JCGx)<br><br>**ORDER TO REMAND AND TO VACATE PLAINTIFF'S EX PARTE APPLICATION** |

    Presently before the court is Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction.  Plaintiff initially filed his complaint against Defendant in California Superior Court on October 9, 2012.  Defendant removed the action to this court on October 16, 2012, on the basis of diversity jurisdiction.  Plaintiff filed this Ex Parte Application on October 18, 2012.

    In a case that has been removed to federal court based on diversity jurisdiction, the proponent of jurisdiction "has the

burden to prove, by a preponderance of evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).

For diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "To discharge its burden, [the removing party needs] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004).

Here, the Complaint does not make an express claim for monetary damages. It alleges that "the threat of non-compete litigation unduly burdens [Plaintiff's] exercise of a fundamental liberty and has increased the risks and costs of seeking employment in his chosen profession and ability to earn a livelihood." (Compl. ¶ 59.) It also alleges "monetary losses because, *inter alia*, [Plaintiff] has had to retain counsel to protect his exercise of a fundamental liberty." (Compl. ¶ 61.) In the Notice of Removal, Defendant states that Plaintiff "was a highly compensated employee of the defendants, with total compensation well into four figures, and thus any alleged burden to his ability to earn a living would entail substantial potential losses in excess of $75,000." (Notice of Removal ¶ 7.) To date,

Plaintiff is currently working in the position he was hired to perform by his new employer.

The court finds that these monetary damages are too speculative to meet the amount in controversy requirement. Even if Plaintiff's salary were in the six figures, rather than four figures (Id.), Defendant has not shown any evidence of monetary loss beyond attorney's fees. There is no indication that Plaintiff is not being compensated for his work due to the non-compete agreement. The increased "risks and costs" alleged by Plaintiff have no clear monetary value.

Because Defendant fails to establish by a preponderance of evidence that the amount in controversy requirement is met, the court concludes that it lacks subject matter jurisdiction. Removal was therefore improper and the court hereby REMANDS the matter to state court. The Ex Parte Application is hereby VACATED as moot.

IT IS SO ORDERED.

Dated: October 22, 2012

DEAN D. PREGERSON
United States District Judge